DEC 21, 1998
PETER ALLEN SARACINO
04153-051 unit 3A 3
Beaumont U.S.P
BOX 26030
BEAUMONT TX 77720-6030

U.S DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
OFFICE OF THE CLERK
500 GOLD AVENUE S.W
ALBUQUERQUE, NEW MEXICO 87102

FILED
AT ALBUQUERQUE NM
JAN 28 1999
ROBERT M. MARCH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA
    APPLLEE Plaintiff
VS
PETER ALLEN SARACINO
    Defendant Appellant

DKT NO 95-210-JC DEF 3
NO 96-2144

CV 99-27 JC/LCS

1. MOTION FOR AN ENLARGEMENT OF TIME OF 30 days TO FILE
   A, A MOTION FOR NEW TRIAL AND (F.R.CR.P. RULE 33)
   B, 28 USC 2255 HABEAS CORPUS MOTION
  FOR EXCUSABLE NEGLECT, F.R.CV.P RULE 6 (b)
2. MOTION TO PROCEED IN FORMA PAUPERIS, Pro-se

Statement of Case

Defendant's Direct appeal was affirmed Dec 22, 1998 and Mandate issued Jan 13, 1998. From counsel's failure to file Frap 35 re--hearing, and failure to file to the Supreme court as requested, Defendant now must upon the Antiterrorism Act file his 1 year limitation for 2255 relief.

ARGUEMENT

ISSUE POINT I, Defendant was in process in preparing his F.R.CR.P RULE 33 motion for new trial. In addition, Jan 13, 1999, due his 28 USC 2255. At December, 12, Saturday 1998, Defendant was struck with FOOD POISON AND was "SENT TO THE HOSPITAL". Upon Dec 18, Friday, he was released from the hospital and he lost 40 lbs, and is incapacitated in a wheel chair. Defendant is not trained at law and has no knowledge to file his own motions, he must depend on other help to recover, and legal help. Although defendant is too ILL, to assist the prepare the appendices, facts, and research to properly present his motions for relief.

1

CITY OF CHANTE, KANSAS V WILLIAMS NAT GAS CO 31 F3d 1041 (10th cir 1994), In Chanute, id., 1045, argues PIONEER INVS SERVS CO V BRUNSWICK 123 L ED 2d 74 (1993), The Supreme Court interpreted the meaning of "excusable neglect"

> "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness as well as by intervening circumstance beyond the party's control." id., 113 S CT at 1495.

Calderon V U.S DIST COURT FOR CENTRAL DIST OF CAL 112 F3d 386 (9th cir 1997), 1 Year period did not begin to run for any State prisoner any earlier that the Act's effective date. Upon the sec 101 of the Act, and Federal prisoners is sec 105 for filing 2255 motions. That the court ruled the Act's provisions giving prisoners 1 year is subject to "Equitable Tolling," Accordingly, a District court could give a prisoner extra time to file his habeas petition to account for time and effort lost when his lead counsel withdrew to take a different job. There thus "extraordinary circumstances." justified tolling sec 101's statute of limitations, see in ALVAREZ-MACHAIN V U.S 107 F3d 696, 701 (9th cir 1997).

See copy of Medical record attached, proof of the sudden illness preventing Defendant from filing his claim.

Defendant is too weak to be moved to the chow hall to eat a meal. When he eats, the virus causes him to throw up his food, thus, causing his 40 lbs lost of weight. For all the reasons above, Defendant prays this court grants the 30 days extention to file his 2255 motion.

(30 days from Appeals Mandate Jan 13, would be February 11, 1999.)

DEC 29, 1998  LATE INSERT

For "excusable neglect", F.R.CV.P rule 6 (b), under Pioneer, Defendant was re-admitted back to the Hospital, Dec 22, 1998. Defendant was at Galveston Hostpital under "INTENSIVE CARE" and was only released today Dec 29, 1998. Hence, Defendant has not been able to get photo copies and all counselors are on vacation for the Holidays. Hence, as in Pioneer, defendant should be excused for reasons beyond his control, locked in "Intensive care" unit. For not being able to timely file his rule 33 motion, and file his 28 USC 2255 motion due Jan 13, 1999.

Please grant the 30 days extention to submit the memorandum for my 2255 motion., from the due date, Jan 13, 1999.

P/S I asked Medical for a paper stating I was in Galveston I.C.U. from 12-13-98 to 12-21-98 and from 12-22-98 to 12-29-98, but was told to get it from Unit manager of 3A3 (my unit) I asked unit Manager Mr McIntosh. He stated it was not Legal for him to do it. He stated if you need verification to call USP Beaumont, Beaumont, Texas and they will verify. # 409-727-8188

Clinical Director
Dr. Knox

Thank You
Peter Sarracino
04153-051

And 30 days to file his Newly discovered evidence, F.R.CR.P rule 33, Motion for new trial, Please grant my extention for the above (2) Two motions.

Part 2, Motion to proceeed in forma pauperis, copy is attached.

THANK YOu

<u>Certification</u>

*(signed)* PETER ALLEN SARRACINO
Pro-se

I certify that all the above is all true, under penalty of perjury, dated Dec 22, 1998. and copy sent to;

Notary

28 USC 1746

In lieu of Notary

ASSISTANT U.S ATTORNEY
MARY C. McCULLOCH ESQ
BOX 607
ALBUQUERQUE, NEW MEXICO 87103

THANK YOU

*(signed)* PETER ALLEN SARRACINO
Pro-se

3