# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**PETER ALLEN SARRACINO,**

      Movant,

vs.                                    Civ. No. 99-27 JC/LCS

**UNITED STATES OF AMERICA,**

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Movant Peter Allen Sarracino's ("Sarracino's") Motion to Vacate, Set Aside or Correct Sentence, filed on January 7, 1999. The Court, having considered the pleadings, the memoranda submitted by the parties and the applicable law, proposes finding that the Motion is not well-taken and recommends that certain claims be dismissed and the rest of the claims be denied.

Sarracino was convicted of kidnaping and murdering Jeremy Nelson and Julius Brown. The two victims attended a party in the early morning hours of February 4, 1995. Jeremy Nelson's brother, Calvin Nelson, was a member of a gang. Unfortunately for Nelson and Brown, several members of a rival gang were among the guests at the party. When these men learned who Jeremy Nelson was, a fight began. Several people beat and stabbed him, then took him, along with Brown, to Water Canyon. Once there, they severely beat Julius Brown, taking his shoes and socks. He apparently wandered a short distance away while they buried Nelson, who

1

was by this time either near death or already dead, under some leaves.

One of the cars became stuck at the canyon, and the group went back to the party house to get a truck to free the vehicle. Two of the original group stayed at the house. The other three returned to Water Canyon, along with Gerald Ray and Ravin Garcia. Although Ray was able to free the stuck car, his own truck became stuck in the attempt. As he worked, Ray heard Brown calling for help and found him sitting against a tree not far from where he had been attacked. Ray was unable to free his vehicle, and decided to return to the party house. Ray told Brown that he would take him to the hospital. With Ray driving, all of the men headed towards the turnoff to the hospital. As they neared the turnoff, however, Sarracino told Ray to drive the car back to the party house and drop himself off there; Sarracino said that he and the others would take Brown to the Hospital.

Once Ray and Garcia left, the group took Brown to Stove Pipe Peak, which was located within the Laguna Indian Reservation. There they beat Brown again and threw him off of two cliffs. They then placed several large rocks on his body, slit his throat and left.

Sarracino then went back to the party house and obtained another vehicle, which he took back to Water Canyon and used to free Ray's truck. Six days later, Brown's body was discovered. The other attackers were arrested within a few days; Sarracino eluded arrest for five weeks.

Because Nelson's body was found on state land and Brown's was found on federal land, Sarracino was tried in state court for Nelson's kidnaping and killing and in federal court for Brown's. He received life sentences from each court, the state sentence to run consecutive to the federal sentence. Sarracino's state convictions were upheld by the New Mexico Supreme Court,

*State v. Sarracino,* 964 P.2d 72 (1998); his federal convictions were affirmed by the Tenth

Circuit. *United States v. Sarracino,* 131 F.3d 943 (10th Cir. 1997).

Sarracino filed a *pro se* motion pursuant to 28 U.S.C. Sec. 2255, claiming that he did not

receive a fair trial because:

1. The government coerced witnesses into providing false testimony, using physical
   intimidation on some and promises of leniency for others;
2. His trial and appellate counsel did not provide effective assistance. (Sarracino cites six
   instances of ineffectiveness of trial counsel and twenty-five instances of ineffectiveness
   of appellate counsel.)

In his motion, he also contends strenuously that he is legally and factually innocent of all

of the charges. While he admits watching the beatings and riding along with the killers, he denies

participating in any other way, and claims that he actually tried to help Brown escape, both at

Water Canyon and at Stove Pipe Peak.

In response, the United States contends that this Court does not have jurisdiction to

consider Sarracino's complaints as they apply to his state convictions, because those claims were

never presented to the state courts, either on appeal or in a state *habeas corpus* proceeding.[1]

Although this rule admits of some flexibility, *Granberry v. Greer,* 481 U.S. 129, 136 (1987), and

a claim of actual innocence often constitutes grounds for invoking that flexibility, *Smith v.

Murray*, 477 U.S. 527, 533-37 (1986), the Court will not bend the general rule in this case.

Because Sarracino is currently serving a life sentence without the possibility of parole on his

convictions on federal kidnaping and murder charges in the death of Julius Brown, even granting

his motion and invalidating his state convictions and sentence would have no legal effect on his

---

[1] Although Sarracino's Motion addresses only his federal convictions, his brief addresses his state convictions as well. Employing the liberal construction mandated for *pro se* pleadings, this Court construes his pleadings as petitions under both sections 2254 and 2255.

federal sentence and no practical effect on the length of his incarceration. Thus, this Court has no compelling reason to consider these unexhausted claims, and it will accordingly dismiss all of Sarracino's claims relating to his state convictions.

As to Sarracino's claims which relate to his federal convictions, the United States contends that his substantive claims are barred because they were not raised on direct appeal. *See United States v. Allen,* 16 F.3d 377, 378 (10th Cir. 1994). However, this rule is not inflexible, and may be relaxed in exceptional circumstances. *Nash v. United States*, 342 F.2d 366 (5th Cir. 1965). The movant must show cause and prejudice. *Campino v. United States,* 968 F.2d 187 (2d Cir. 1992). A claim that the issue was not raised on appeal due to ineffective assistance of appellate counsel constitutes sufficient cause, *United States v. Sanders,* 812 F.Supp. 813 (N.D.Ill. 1992), and the Court proposes finding that a claim of factual innocence constitutes sufficient prejudice. *Cf. United States v. Shaid*, 937 F.2d 228 (5th Cir. 1991), *cert. denied*, 502 U.S. 1076 (1994) (actual innocence satisfies miscarriage of justice exception to bar on successive petitions). Accordingly, the Court will examine the merits of Sarracino's claims.

Even without showing cause and prejudice, a failure to raise an ineffective assistance of counsel claim on appeal does not prevent it from being raised in a subsequent Section 2255 motion. *United States v. Span*, 75 F.3d 1383 (9th Cir. 1996). The Court will therefore address the merits of Sarracino's six ineffective assistance of trial counsel claims.

In order to establish a claim for ineffective assistance of counsel, the movant must establish that his counsel's actions fell below the standard of performance of a reasonable attorney under the circumstances, and, that a reasonable probability exists that but for his attorney's unprofessional error, the outcome in the case might have been different. *Strickland v.*

*Washington,* 466 U.S. 668, 690-91 (1984).

Sarracino first claims that his counsel was ineffective because he failed to prevent the admission of hearsay testimony. He appears to contend that hearsay statements by his co-defendants was not admissible under the co-conspirator exception under Fed. R. Evid. 801 (d)(2)(E), and that his trial counsel should have either requested a hearing to restrict such testimony or objected to its admission. Sarracino never specifies which statements to which he objects. The only co-conspirator who testified against Sarracino was Jason Aragon; in reviewing his testimony, the Court has found no instance where statements he attributed to Sarracino would have been offered for the truth of the matters asserted within them. See Fed. R. Evid. 801. The Court therefore proposes finding that trial counsel did not act unreasonably in failing to object to Aragon's testimony on hearsay grounds, and recommends that this claim be denied.

Sarracino next claims that his attorney failed to interview four witnesses who would have testified that Sarracino did not attack Jeremy Nelson at the party house. To the extent that this claim is directed to his state convictions, the court will not consider it because it has not been exhausted. However, if directed to his federal convictions, the Court proposes finding that the claim should still be considered. This evidence would have contradicted the testimony of Jason Aragon, one of the men who attacked Nelson and Brown. Because Aragon was the only witness who testified to Sarracino's beating Brown at Water Canyon and at Stove Pipe Peak, his credibility was of considerable importance.

However, considering that Sarracino and Aragon each testified about what Sarracino did to Brown at Water Canyon and at Stove Pipe Peak, and that the jury was able to observe their respective demeanor while testifying and being cross-examined as to this and other material

issues, the Court proposes finding that there is not a reasonable probability that, had counsel presented this extrinsic evidence for impeachment on a collateral issue, the result in this case would have been different. The Court therefore recommends that this claim be denied.

Sarracino next claims that his counsel should have sequestered the witnesses during trial to prevent their tailoring their testimony to each other. Because the trial transcript shows that his counsel did in fact invoke the sequestration rule, Tr. pp. 7-8, the Court recommends that this claim be denied.

Sarracino next claims that, had his counsel conducted a reasonable investigation, he would have discovered additional exculpatory evidence, such as:

1. evidence from Jeremy Nelson's autopsy supporting an inference that he actually died before being kidnaped;
2. evidence that witnesses who saw him at Water Canyon the first time (when Brown was initially beaten), and after he returned from the going to the Canyon for the third time (to get Ray's truck) never saw any blood on his clothes or scratches on his skin.

As to the first contention, the Court proposes finding that there is not a reasonable probability that, had counsel brought out the fact that Nelson died before he was kidnaped, the outcome of the trial for the murder and kidnaping of Brown would have been different. As to the second, because the evidence Sarracino cites does in fact appear in the trial record, see Tr. pp. 228 and 934, the Court cannot say that there is a reasonable probability that, had this evidence been presented to the jury, the result in the case would have been different. Accordingly, the Court recommends that this claim be denied.

Sarracino next claims that his attorney counseled him to lie that he had been involved in beating Brown at Water Canyon. Because Sarracino did not take this advice in his federal trial, see Tr. pp.1094 and 1111-12, the Court cannot say that there is a reasonable probability that, had

6

counsel not given him this advice, the result in his federal trial would have been different. Accordingly, the Court recommends that this claim be denied.

Sarracino finally claims that his trial attorney should have offered an "ostrich" instruction, to the effect that, in order to be convicted, he would have to be found a willing participant in the beating of Brown. Because such an instruction was in fact given, Tr. pp. 1231-32, the Court recommends that this claim be denied.

Sarracino's other claims raise two points. He contends that appellate counsel should have raised all of the errors he discussed in his Sec. 2255 brief on appeal. The Court will therefore analyze each of his twenty-five claims. In addition, most of the errors he claims also relate to his claims of factual innocence. Accordingly, the Court will analyze these claims under both theories.

In analyzing ineffective assistance of appellate counsel claims, the Court applies the same test it applies for ineffective assistance of trial counsel claims: whether counsels actions were below the standard of a reasonable attorney, and, if so, whether there is a reasonable probability that, had counsel acted competently, the result in the case would have been different. *See, e.g., United States v. Merida*, 985 F.2d 198 (5th Cir. 1993). In analyzing actual innocence claims, the test is whether the evidence, if proven and viewed in light of the record as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the defendant guilty. *See Borrego v. United States*, 975 F.Supp. 520 (S.D.N.Y. 1997). For ease of reference, the claims are listed under the titles they were given in Sarracino's motion.

1. "Trial error, admission of false perjury hearsay counsel failed to suppress at a james hearing or suppression hearing F.R. Evid 801 (d)(2)(E)."

Sarracino here claims that perjurious hearsay testimony by the co-defendants should have been excluded. This Court has already proposed finding that Aragon's testimony was not hearsay. See p. 5. As to its being perjurious, the only parts of Aragon's testimony that Sarracino disagrees with are the extent of his involvement in the beating of Brown. Sarracino does not cite evidence (such as a recantation) that raise an issue as to perjury. As to the ineffectiveness of his appellate counsel, because the preferred procedure for bringing ineffective assistance of counsel claims is by a post-conviction motion, not appeal, *United States v. Kay*, 961 F.2d 1505 (10th Cir. 1992), the Court proposes finding that appellate counsel's failure to raise this issue on direct appeal was not unreasonable and recommends that this claim be denied.

2. "Yaz's house, Pete is innocent"

Sarracino claims that his trial counsel was ineffective for failing to interview other people who were outside at the time of the fight, and in failing to note certain evidence in Nelson's autopsy report. Regarding his ineffective assistance of appellate counsel claim, as explained above, post-trial motion, not appeal, is the proper way to raise these claims. The Court therefore proposes finding that appellate counsel was not unreasonable in failing to raise these issues on appeal and recommends that this claim be denied.

In regards to his actual innocence, Sarracino filed affidavits from Johnnie Lockwood, Richard "Yaz" Brown, Daniel Denetclaw and Dominic Riley which corroborate his claim that he was not involved in the fight with Jeremy Nelson at the party. However, because the affidavits do not address the acts which underlie the charged offenses, their value as collateral impeachment

is not sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found Sarracino guilty of the kidnaping and murder of Julius Brown. Accordingly, the Court recommends that this claim be denied.

Sarracino also argues that Nelson's autopsy report which showed loose teeth in his mouth contradicts Aragon's testimony that Nelson was still alive at the time of his and Brown's kidnaping. However, whether Aragon's testimony that Nelson was near death instead of already dead at the time of the kidnaping was true is too remote to what transpired later to constitute anything more than collateral impeachment. Accordingly, this evidence, if proven and viewed in light of the record as a whole, would be insufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the kidnaping and murder of Julius Brown. The Court therefore recommends that this actual innocence claim be denied.

3. "Peter had no blood on him nor any scratches"

Sarracino here cites evidence in support of his contention that he did not participate in the beating of Brown. He first claims that the other four attackers had blood soaked clothes, but he did not. However, the Court proposes finding that this is not evidence which, if proven and viewed in light of the record as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty. For example, two of the other attackers, Aragon and Luarkie, were accidentally stabbed in the hands by a third attacker, Suina; the blood on their clothes could have been their own. Sarracino's testimony that Brown was only kicked, not stabbed, at water canyon, and Aragon's testimony that Sarracino hit Brown with a rock and threw rocks down onto Brown's body while at Stove Pipe Peak both explain why he could have participated in the beating and yet not contacted blood on his clothing.

Accordingly, the Court recommends that this actual innocence claim be denied.

Analyzed as an ineffective assistance of appellate counsel claim, this claim fails because Sarracino never contends that the trial court, the prosecution or his trial counsel committed error. Accordingly, the Court proposes finding that appellate counsel did not act unreasonably in failing to raise this point on appeal. The Court therefore recommends that this claim be denied.

Sarracino next contends that his trial counsel was ineffective for failing to sequester the witnesses, which allowed them to tailor their stories, for failing to object to their testimony and for failing to request a cautionary jury instruction. This issue was previously analyzed on page 6. In addition, because the preferred way to raise ineffective assistance of counsel claims is by motions for post conviction relief, rather than by appeal, the Court proposes finding that appellate counsel did not act unreasonably in failing to raise this issue on appeal, and recommends that it be denied.

4. "Peter did not kidnap a dead body to Water Canyon"

This argument concerns Sarracino's state conviction. As to his ineffective assistance of counsel claim, the Court proposes finding that appellate counsel did not act unreasonably in failing to raise state conviction issues on appeal of Sarracino's federal convictions. The Court therefore recommends that this claim be denied.

As to Sarracino's actual innocence claim, the Court proposes finding that, while this argument may be valid regarding his state convictions, whether Nelson was dead before he was taken to Water Canyon is not evidence which, when compared with the evidence in the record as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of kidnaping and killing Brown. Accordingly, the Court

recommends that this claim be denied.

5. "Julius Brown manufactured perjury"

Sarracino claims that physical evidence ( a minor cut on Brown's neck) supports his claim that he prevented Aragon from cutting Brown's throat while at Water Canyon. As to his actual innocence claim, the Court proposes finding that this evidence, if proven and viewed in light of the record as a whole, would be insufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty. Even if he did not want Aragon to kill Brown at that time, a reasonable jury could have found that he formed an intention to kill him later. Accordingly the Court recommends that this claim be denied.

As an ineffective assistance of appellate counsel claim, this argument fails because Sarracino does not claim that the trial court, prosecution or trial counsel committed any error. Accordingly, the Court proposes finding that Sarracino's appellate counsel did not act unreasonably in failing to raise this point in Sarracino's federal appeal, and recommends that this claim be denied.

6. " Killers perjury they put Nelson in the river"

This argument also refers to incidents which formed the basis of Sarracino's state convictions. Accordingly, the Court again proposes finding that they are not sufficiently material to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty on his federal charges, and also proposes finding that his appellate counsel did not act unreasonably in failing to raise them on appeal of Sarracino's federal convictions. The Court therefore recommends that this claim be denied.

7. "Peter helped Julius Brown to escape"

This argument cites evidence which partially corroborates Sarracino's trial testimony that, while at Water Canyon, he did not intend to injure Brown. As to Sarracino's actual innocence claim, the Court proposes finding that, if proven and viewed in light of the record as a whole, it would not be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty. A reasonable fact finder could have found that Sarracino did not decided that Brown had to be killed after the group left Water Canyon.

As an ineffective assistance of appellate counsel claim, it fails because Sarracino makes no allegation that any error was committed by the trial judge, by the prosecution or by his trial counsel. Accordingly, the Court proposes finding that appellate counsel did not act unreasonably in not raising this argument on appeal, and recommends that this claim be denied.

8. "Witnesses Marge Hopkinkah and Friends"

Sarracino here offers additional evidence to corroborate his contention that he was acting to protect Julius Brown, and argues that his trial counsel was ineffective because he did not let him raise this defense, but instead instructed him to testify untruthfully that he was involved in beating Brown. For the same reasons as stated in the previous paragraph, the Court proposes finding that this evidence, if proven and viewed in light of the record as a whole, would be insufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty. Moreover, as discussed above, the trial transcript shows that he did not take this advice. Accordingly, there was no issue for appellate counsel to raise. Finally, as also discussed previously, direct appeal is not the preferred time to raise claims of ineffective

assistance of trial counsel. The Court therefore proposes finding that Sarracino's appellate counsel did not act unreasonably in failing to raise this issue on appeal, and recommends that this claim be denied.

9. "Innocent Peter, during the Gerald and Ravin frame up ride to the hospital"

Sarracino contends that Gerald Ray had a motive to commit perjury and points out some inconsistencies in his testimony. As a claim of factual innocence, this claim fails because this evidence, if proven and viewed in light of the record as a whole, would be insufficient to establish by clear and convincing evidence that no reasonable fact finder would have found Sarracino guilty of kidnaping and killing Brown. Ray did not witness either Brown's kidnaping or his killing.

As an ineffectiveness claim, this claim fails because Sarracino never alleges that the Court, the prosecution or his trial counsel committed any error regarding this testimony. Accordingly, the Court proposes finding that appellate counsel did not act unreasonably in failing to raise this point on appeal, and recommends that this claim be denied.

10. "Ravin Garcia and Gerald both tailor their lies to help Glady's sons."

Sarracino makes the same argument here about Ravin Garcia as he made about Gerald Ray in claim #9 above. The argument has the same infirmity, and the Court recommends the same disposition.

11. "Innocent Peter the escape goat"

Sarracino here offers evidence and explanation as to why he told Gerald Ray not to proceed to the hospital but to instead drop himself and Ravin Garcia off at the party house. As a factual innocence claim, this claim fails because the evidence and explanation, if proven and viewed in light of the record as a whole, would be insufficient to establish by clear and convincing

evidence that no reasonable fact finder would have found him guilty. A reasonable jury could well find this self- serving testimony as to subjective intent less than convincing.

As an ineffectiveness claim, this claim fails because Sarracino does not allege error by the trial court, by the prosecution or by his trial counsel. Accordingly, the Court proposes finding that appellate counsel did not act unreasonably in failing to raise this point on appeal and recommends that the claim be denied.

12. "Ravin and Gerald turn on Peter by perjury to save Glady's kids, Andy and Nolen."

Sarracino contends here that Brown's autopsy report contradicts Gerald Ray's and Ravin Garcia's testimony that when they saw him he was bloody and had been kicked.[2] The Court proposes finding that this evidence, if proven and viewed in light of the record as a whole, would not be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty. Ray and Garcia were not witnesses to Brown's kidnaping and killing, so an impeachment of their credibility would not constitute clear and convincing evidence of Sarracino's innocence.

Sarracino also claims that his trial counsel was ineffective for not moving to exclude this evidence on the grounds that it was inherently incredible, and appellate counsel was ineffective for failing to raise this error. However, since Sarracino's defense is lack of personal participation in the beating, evidence that Brown was beaten was not in and of itself incriminating. Accordingly, the Court proposes finding that trial counsel's choice not to impeach Ray on this point was reasonable. Accordingly, appellate counsel's failure to raise claims of ineffective assistance of trial counsel is not unreasonable. Accordingly, the Court recommends that this claim be denied.

---

[2] Sarracino's own trial testimony corroborates Ray and Garcia on this point. Tr. P. 1166.

13. "Peter is innocent of the turn away from the hospital"

Sarracino here explains his decision to drive to Stove Pipe Peak was not to harm Brown, but was the product of duress. He cites Aragon's testimony to the effect that he drove fast, as corroborating his explanation that he was trying to scare the other attackers so that they would not attack him, because he had told them he had killed Brown at Water Canyon, but had, in fact, tried to save him.[3] The Court proposes finding that this evidence, if proven and viewed in light of the record as a whole, would be insufficient to establish by clear and convincing evidence that no reasonable fact finder would have found Sarracino guilty. A reasonable fact finder could have found that Sarracino drove fast for reasons other than those to which he testified, such as panic, a desire to hurry to the end of his plan, a desire to impress the other attackers or general recklessness. Accordingly, the Court recommends that this actual innocence claim be denied.

Sarracino also contends that this evidence supports a defense of lack of intent, and argues that either the trial court or his counsel erred because the jury was not instructed on the question of specific intent. The Court proposes finding that the intent issue was adequately addressed by the "willing participant" instruction. It therefore proposes finding that trial counsel did not act unreasonably in failing to offer another instruction, and that appellate counsel did not act unreasonably in failing to raise this issue on appeal. The Court accordingly recommends that this ineffective assistance of appellate counsel claim be denied.

14. "Andy said turn from the hospital to somewhere else (ride to Stove Pipe Peak)"

Sarracino here elaborates on his explanation that he drove to Stove Pipe Canyon because

---

[3] The credibility of this claim is weakened because, at trial, Sarracino did not testify that he told the other attacker that he had drowned Brown. See Tr. pp. 1063-1198.

he feared reprisal by the other attackers, and because he wanted to help Brown escape. For the same reasons as in the previous paragraph, as an actual innocence claim, this claim fails because this evidence, if proven and viewed in light of the record as a whole, would be insufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty. Accordingly, the Court recommends that this claim be denied.

As an ineffective assistance of appellate counsel claim, this claim fails because Sarracino does not allege any error by the trial court, prosecution or trial counsel. Accordingly, the Court proposes finding that appellate counsel did not act unreasonably in failing to raise this issue on appeal, and recommends that this claim be denied.

15. "Brown Stove Pipe Peak murder unbeknownst to Peter"

Sarracino here contends that evidence of Brown's blood alcohol level at death (.05%) corroborates his claim that he told Brown to escape, but Brown was unable to walk to safety because he was too drunk. As an actual innocence claim, this claim fails because this evidence, which was admitted at trial, is insufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty. The Court proposes finding that a reasonable jury could have found that Sarracino told Brown to walk only when Brown was near the edge of a cliff, and his command was essentially an order to walk the plank. Accordingly, the Court recommends that this claim be denied.

As an ineffective assistance of appellate counsel claim, this claim fails because Sarracino does not allege any errors by the trial court, prosecution or trial counsel. Accordingly, the Court proposes finding that appellate counsel did not act unreasonably by failing to raise this point on appeal, and recommends that this claim be denied.

16. "Perjury against Peter, that Pete threw rocks at Brown."

Sarracino here contends that Aragon's testimony that he, Sarracino, and another man threw rocks at Brown while Brown was standing by the car was false. He also contends that a large rock which appeared in a photograph taken seven days later and introduced at trial as corroborating evidence was not one of the ones thrown at Brown. Sarracino argues that the rock in the photograph was too large to have been thrown twenty feet, and, had it hit Brown, it would have killed him. He also contends that the rock would have had more sand on it had it been in that location for seven days. He contends that the photograph was fabricated by the police.

As an actual innocence claim, this claim fails because this contention is not sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found Sarracino guilty. The Court proposes finding that a reasonable jury could find that the rock could have been thrown from a distance of less than twenty feet, that the rock in the picture did not hit Brown and that Sarracino's opinion of the probability of objects being covered with sand after seven days in that location is speculation. Accordingly, the Court recommends that this claim be denied.

As an ineffective assistance of appellate counsel claim, this claim fails because, as trial counsel did not pursue the defense of police misconduct at trial, the Court proposes finding that appellate counsel did not act unreasonably in failing to raise it on appeal.

Sarracino also contends that the fact that Brown had a contusion on the side of his head, not on the back on his head, proves that Aragon's testimony that Sarracino hit Brown with a rock in the head, from behind, is false. The Court proposes finding that this evidence, if proven and viewed in light of the record as a whole, would be insufficient to establish by clear and convincing

evidence that no reasonable fact finder would have found him guilty. However, the Court proposes finding that a reasonable jury could find that Brown's head was turned to the side at the time he was hit. Accordingly, the Court recommends that this actual innocence claim be denied.

As an ineffective assistance of appellate counsel claim, this claim fails because Sarracino does not allege any errors by the trial court, prosecution or trial counsel. Accordingly, the Court proposes finding that appellate counsel did not act unreasonably by failing to raise this point on appeal, and recommends that this claim be denied.

Finally, Sarracino cites to testimony by Aragon in his own trial where he states that he "can't remember Peter throwing rocks". As an actual innocence claim, this claim fails because this contention is not sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found Sarracino guilty. A reasonable jury could have found that Aragon's memory may have faded or been refreshed between the two trials, or he may have meant that Sarracino hit Brown with one rock from behind, but did not then throw rocks at him. The Court therefore recommends that this claim be denied.

As an ineffective assistance of appellate counsel claim, this claim fails because Sarracino does not allege any errors by the trial court, prosecution or trial counsel. Accordingly, the Court proposes finding that appellate counsel did not act unreasonably in failing to raise this issue on appeal,

17. "Gerald and Ravin saw no injuries at prior trial, then,..."

Sarracino contends first that Gerald Ray and Ravin Garcia changed their testimony from what they said at an unspecified prior trial. The Court purposes finding that it cannot verify this unsupported allegation, and recommends that this claim be denied.

18

Sarracino contends next that the fact that Brown still had his glasses on at Stove Pipe Peak renders incredible testimony that Brown was beaten at Water Canyon.  As an actual innocence claim, this claim fails because this contention is not sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found Sarracino guilty. The Court proposes finding that a reasonable jury could have inferred that Brown's glasses had a safety strap.  Accordingly, the Court recommends that this claim be denied.

As an ineffective assistance of appellate counsel claim, this claim fails because Sarracino does not allege any errors by the trial court, prosecution or trial counsel.  Accordingly, the Court proposes finding that appellate counsel did not act unreasonable in failing to raise this issue on appeal, and recommends that this claim be denied.

18. "All above is consistent with Peter's attempt to let Brown get away and no elements of committing any crime."

Sarracino here rehashes many of his previous arguments, and adds another: that because very little of the other attackers' blood was found at Stove Pipe Peak, yet they had severely cut hands from being stabbed accidentally while beating Nelson, the other attackers' testimony that the three of them threw rocks at Brown is inherently incredible.  Sarracino also contends that the fact that the point where Brown's body was found cannot be seen from the top of the cliff renders incredible the testimony that he and the other two attackers threw rocks down onto Brown. As an actual innocence claim, this claim fails because this contention is not sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found Sarracino guilty.  A reasonable jury could find that, as the Stove Pipe Peak attack occurred several hours after Nelson was stabbed, the attackers' hands could well have stopped bleeding by this time.  Further, because

the autopsy report stated that Brown died as a result of several injuries, as well as of exposure, whether the rock throwing incident occurred precisely as testified would not be dispositive. Accordingly, the Court recommends that this claim be denied.

As an ineffective assistance of appellate counsel claim, this claim fails because Sarracino does not allege any errors by the trial court, prosecution or trial counsel. Accordingly, the Court proposes finding that appellate counsel did not act unreasonably in failing to raise this point on appeal and recommends that this claim be denied.

19. "Peter is innocent of Stove Pipe Peak murder"

Sarracino here summarizes his earlier contentions. He includes no evidence or argument which would lead the court to alter its analysis of those contentions. Accordingly, the Court recommends that these claims be denied.

20. "Newly discovered evidence"

Sarracino here produces affidavits from his mother and Jason Aragon's mother which raise an inference that Aragon was coerced by the government into testifying against him. While the affidavits are signed in December of 1998, Ms. Sarracino in her affidavit states that she told Peter of the facts in the affidavit in August of 1995. Thus, this evidence is not "newly discovered." At trial, Aragon was cross-examined about his dealings with the government and how they might have influenced his testimony, but trial counsel did not question him about coercion. Tr. pp. 464-468. Thus, the evidence presented here suggests either that Sarracino did not inform his trial counsel of this evidence, or that his trial counsel decided for tactical reasons not to question Aragon about this evidence. While Aragon's credibility was of significant importance, and this testimony may have cast doubt on his credibility, the Court proposes finding that it does not

establish by clear and convincing evidence that no reasonable fact finder would have found Sarracino guilty. On cross-examination, Aragon gave an entirely plausible explanation why he agreed to testify against Sarracino; the opportunity to have his 20 year sentences for three murders to run concurrently. The Court accordingly recommends that this claim be denied.

By contending that the affidavit contains "newly discovered evidence", Sarracino precludes attacking his trial or appellate counsel for not raising this issue. The Court therefore proposes finding that appellate counsel was not unreasonable in failing to raise this issue on appeal and recommends that this claim be denied.

21. "Peter the good Samaritan"

Sarracino here contends that after driving back from Stove Pipe Peak , he went to a bar and helped rescue two people who were being bullied. While he was facing down the bullies, a police officer arrived. Because the officer broke up the confrontation, but did not detain Sarracino for further investigation, he contends that it is further proof that he had no blood on his body or clothing. As an actual innocence claim, this claim fails because the Court proposes finding that this evidence, if proven and viewed in light of the record as a whole,  would not be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty. Sarracino's argument seems to be that, had he participated in the beating of Brown at Stove Pipe Peak, he would have had to have had bloodstains on his clothes. The Court has already discussed this contention on page 9.  For the reasons stated therein, the Court recommends that this claim be denied.

As an ineffective assistance of appellate counsel claim, this claim fails because Sarracino does not allege any error by the trial court, prosecution or trial counsel.  The Court accordingly

proposes finding that it was not unreasonable for appellate counsel to fail to raise this point on appeal, and recommends that this claim be denied.

22. "Peter's intent to help others"

Sarracino here summarizes his previous arguments - that he tried to help Brown escape from the other attackers, that he tried to protect Gerald Ray and Ravin Garcia from the attackers, and that, after Brown was left at Stove Pipe Peak, he helped two people who were being bullied - to show that he did not have the general or specific intent to harm Brown. As previously explained, this evidence, if proven and viewed in light of the record as a whole, would be insufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty. Sarracino's evidence does raise an inference that he is willing to help his friends; however, a reasonable fact finder could have found that, even in the absence of personal animus towards Brown, Sarracino helped his friends by participating in the killing of Brown because Brown was a friend of Jeremy Nelson and witness to his killing.

Sarracino also contends again that Aragon's, Ray's and Garcia's testimony is so wholly controverted by scientific fact that the trial court erred in admitting it. The Court disagrees. While the points Sarracino makes may have had an impact had they been raised in cross-examination, the testimony cited does not seem completely implausible when compared with the scientific evidence cited. Accordingly, the Court proposes finding that the trial court did not err in admitting the testimony of Aragon, Ray and Garcia, and recommends that this claim be denied.

23. "Constitutional violation at suppression hearing inadmissible F.R.Evid. 404(b), hearsay"

Although he provides no detail, it appears that Sarracino is attacking the trial court's failure to suppress evidence that, while a fugitive, he threatened his children's babysitters with a gun and admitted killing two people while threatening them. Sarracino's appellate counsel did raise this issue on appeal, so this is not an ineffectiveness claim. To the extent that he claims that the trial court's ruling was in error, Sarracino does not contend, and this Court has not found, how the Court of Appeals' decision conflicts with clearly established federal law, as announced by the United States Supreme Court. See 28 U.S.C. Sec. 2255. Accordingly, the Court recommends that this claim be denied.

24. "The novelty U.S. v. Singleton and Florida State ethical rules excludes prosecutor paid testimony"

Sarracino here contends that Aragon's testimony should have been excluded because he entered into a plea bargain, one of the terms of which was providing testimony in this case. However, the authority on which he relies, *United States v. Singleton*, 144 F.3d 1343, (10th Cir. 1998) is no longer good law, having been vacated *en banc*, *United States v. Singleton*, 165 F.3d 1297 (10th Cir. 1999). The *en banc* panel of the tenth circuit held that 18 U.S.C. Sec. 201 (c)(2), which prohibits paying for testimony, does not apply to sentence reduction/plea-bargain agreements. In light of the *en banc* decision in *Singleton*, the Court proposes finding that the lower court committed no error in admitting Aragon's testimony, and recommends that this claim be denied.

25. "Use of Andy, Nolen, and Randy's non-testifying Burton violation, right to confrontation"

Sarracino here argues that his rights to confront witnesses was violated by the admission of testimony of the police officer who spoke with the other attackers. However, no such testimony was admitted. Accordingly, the Court recommends that this claim be denied.

### Recommended Disposition

For the above reasons, the Court recommends that the claims related to Sarracino's state convictions be dismissed, and the claims relating to his federal convictions be denied. Within ten days of receiving a copy of the Magistrate Judge's proposed findings and recommended disposition, a party may, pursuant to 28 U.S.C. Sec. 636(b), file objections thereto. A party desiring appellate review must file timely objections with the Clerk of the District Court if that party desires further review; in the absence of timely filed objections, no review will be conducted.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE